Coleman W. Watson, Esq.
coleman@watsonllp.com
Leia V. Leitner, Esq.
leia@watsonllp.com
WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688
*Attorneys for Plaintiff, Coding Technologies, LLC*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| CODING TECHNOLOGIES, LLC, | |
| Plaintiff, | |
| vs. | Case No.: 3:17-cv-01147-HLA-MCR |
| CROWLEY MARITIME CORPORATION, | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| Defendant. | |

Plaintiff, CODING TECHNOLOGIES, LLC ("Coding"), pursuant to M.D. Fla. R. 3.01(b), moves for the entry of an order denying the motion to enforce settlement agreement served by Defendant, CROWLEY MARITIME CORPORATION, and states as follows:

## I. INTRODUCTION

The settlement posture of this case is unusual. In the complaint, Coding sued for infringement of United States Patent 8,540,159. *See generally* Doc. 1. Defendant counterclaimed for declaratory relief of noninfringement and invalidity of the '159 Patent. *See* Doc. 12 at 14. The parties began settlement discussions in January 2018. *See* Doc. 21-1 at 3. Significantly, as a settlement condition, Defendant agreed to produce a declaration, attesting to

its use of the patented technology.[1] Defendant ultimately produced the declaration several months later, in March 2018. *See* Doc. 21-2. Along with production of the declaration, Defendant also sought a stipulation of dismissal of its counterclaim, as well as certain "assurances" that it would not be sued again concerning the '159 Patent. *See* Doc. 21-4.

Defendant urges the court to hold that settlement of the claims in the complaint are a separate issue from those in the counterclaim; yet, Defendant's position is revealed by page 8 of the motion, which states that "[w]ithout a license or covenant not to sue, Crowley would be vulnerable to a suit for future infringement." Doc. 21 at 8. In other words, Defendant's so-called performance under the initial offer now also includes a demand for a license or covenant not to sue with respect to claims in the counterclaim. Noticeably, Defendant does not argue—because it did not occur—that Defendant would continue with settlement even without the added condition of a license or covenant not to sue with respect to dismissal of the counterclaim. This shows that there was no sufficient meeting of the minds between the parties.

## II.     ARGUMENTS AND AUTHORITIES

Settlements are subject to the rules governing contract interpretation. *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985). "The acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Grant v. Lyons*, 17 So.3d 708, 710 (Fla. 4th DCA 2009). "[A] party seeking to enforce a settlement agreement has the burden to prove assent by the opposing party and must establish that there was a meeting of the minds or mutual or reciprocal assent to certain definite propositions." *Omni Healthcare Inc. v. Health First, Inc.*, 6:13-cv-1509ORL37DCI, 2017 WL 3658837, at *1 (M.D. Fla. Aug. 24, 2017).

The instant dispute shows that there was no clear meeting of the minds as to settlement because Defendant's settlement position is that it needs certain assurances concerning possible

---

[1] The merits of whether and to what extent Defendant infringed the '159 Patent is beyond the scope of the motion to enforce the settlement agreement. Defendant's papers make clear that its position is that it is not currently using QR codes; however, the allegations of infringement are also based on acts that Defendant has ceased doing.

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT-2
Case No.: 3:17-cv-01147-HLA-MCR

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

1  future litigation in the form of a license or covenant not to sue, and Coding's position is that a
2  license or covenant not to sue was not part of the proposed settlement.  Defendant now attempts
3  to argue both sides of the coin: on one hand, Defendant forcefully argues that resolution of the
4  counterclaim is separate from resolution of the complaint; yet, on the other hand, Defendant also
5  argues that "[w]ithout a license or covenant not to sue" then it might be susceptible to future
6  litigation.  Doc. 21 at 8.  The latter position is an after-the-fact condition of settlement that
7  shows the parties lacked a clear meeting of the minds at the outset.
8        To illustrate, the court should consider the following.  In the complaint, Coding sued for
9  patent <u>infringement</u> of the '159 Patent.  *See* Doc. 1 at 2.  Defendant counterclaimed for
10 declaratory relief of <u>noninfringement</u> of the '159 Patent.  Doc. 12 at 14.  The proposed
11 settlement was not conditioned on a license to the '159 Patent, yet Defendant is now attempting
12 to obtain on the counterclaim what it could not obtain on the complaint: a license to the '159
13 Patent.  *See generally* Doc. 21.  Defendant's March 8, 2018 email that produced the declaration
14 of non-use further shows that there was no sufficient meeting of the minds because counsel
15 indicated that if Coding "approved" of the declaration, then Defendant would "prepare the
16 license/covenant."  Doc. 21-4 at 4.  From Coding's perspective, there was nothing to prepare
17 because a license/covenant was never discussed as a condition of settlement.  *See id*.  Thus, there
18 is no settlement agreement between the parties because they lacked mutual assent to the same
19 settlement terms.
20     **WHEREFORE,** Plaintiff, CODING TECHNOLOGIES LLC, respectfully requests the
21 entry of an order denying the motion to enforce settlement agreement served by Defendant,
22 CROWLEY MARITIME CORPORATION.
23
24 **DATED** on April 10, 2018
25
26                 Respectfully submitted,
27                 WATSON LLP
28

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT-3
Case No.: 3:17-cv-01147-HLA-MCR

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar Reg. No. 4850004
Email: coleman@watsonllp.com
        docketing@watsonllp.com
**Leia V. Leitner, Esq.**
Florida Bar No. 0105621
Email**:** leia@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688

*Attorneys for Plaintiff, Coding Technologies, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2018, pursuant to Fed. R. Civ. P. 5(d)(3), I filed the foregoing document electronically with this court's CM/ECF system, which will serve an electronic copy of the foregoing document on the following counsel of record in this proceeding:

William Coston
Venable
600 Massachusetts Ave N.W.
Washington, DC 20001
WDCoston@Venable.com
Attorney for Crowley Maritime Corporation

*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT-4
Case No.: 3:17-cv-01147-HLA-MCR